IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) Criminal No. 19-280 |
| DELMAR PRITCHETT, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RELEASE PENDING TRIAL IN LIGHT OF COVID-19 PANDEMIC OR REQUEST FOR MEDICAL FURLOUGH IN LIGHT OF COVID-19**

Defendant, Delmar Pritchett, filed an Amended Emergency Motion for Release Pending Trial in Light of COVID-19 Pandemic or Request for Medical Furlough in Light of COVID-19. [ECF No. 35]. In his Motion, Defendant requests immediate release from the Allegheny County Jail ("ACJ") subject to any conditions the Court deems appropriate, including home detention/incarceration and electronic monitoring. Id. The Government filed a response in opposition to Defendant's Motion. [ECF No. 39]. Defendant then filed a Supplement to his Motion containing twenty character references [ECF No. 40], and the Government filed a Response in Opposition to the Supplement [ECF No. 41]. After careful consideration, for the reasons that follow, Defendant's Motion is denied.

**I.    PROCEDURAL HISTORY**

On August 23, 2019, a criminal complaint was filed in this case, at Case No. 19-mj-1851. [ECF No 1]. The Affidavit in Support of Criminal Complaint asserts, inter alia, that, on June 15, 2019, 21-year old T.H. died of an acute fentanyl overdose in Monessen, Pennsylvania. [ECF No. 1-1, ¶¶ 6-7]. Evidence, including analysis of T.H.'s cell phone and pole camera footage of T.H. at Defendant's residence on the day she passed away, caused agents to suspect that

Defendant provided T.H. with the narcotics that caused her death. Id. ¶¶ 8-14. During a search of Defendant's residence, officers recovered 1,634 dosage units (approximately 32 grams) of heroin/fentanyl. Id. ¶ 21. The types of bags found at Defendant's residence matched those found in possession of other victims in two fatal and two non-fatal overdoses. Id. ¶ 22. Defendant admitted providing T.H. with one "brick" of narcotics on the day that she died. Id. ¶ 27. The Affidavit asserts that Defendant continued to sell drugs (including two controlled purchases by investigators) after learning that T.H. had overdosed. Id. ¶¶15-16, 29.

On August 28, 2019, Magistrate Judge Cynthia Reed Eddy held a detention hearing upon motion of the Government. [ECF No. 14]. After the hearing, Judge Eddy entered an order of detention finding that detention was warranted. Id. As set forth in the detention order, a rebuttable presumption arises in this case under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. Id.; see also 18 U.S.C. § 3142(e)(3). Judge Eddy concluded that Defendant did not introduce sufficient evidence to rebut the presumption and found that Defendant must be detained because the Government had proven, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community and, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. [ECF No. 14]. Judge Eddy's reasons supporting detention included: (1) that the weight of the evidence against Defendant is strong; (2) Defendant is subject to a lengthy period of incarceration if convicted; (3) Defendant's prior criminal history; (4) Defendant's history of alcohol or substance abuse; (5) Defendant's lack of stable employment; (6) Defendant's prior failure to appear in court as ordered; and (7) Defendant's use of aliases or false documents. Id. Defendant never requested review of

Judge Eddy's detention order by this Court, and does not contest that he has been lawfully detained under the provisions of 18 U.S.C. § 3142.

On September 20, 2019, the grand jury returned a one-count Indictment charging Defendant with one count of distribution of fentanyl resulting in death in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [ECF No. 15]. Defendant entered a plea of not guilty on October 18, 2019, and continues to be detained at the ACJ pending trial. [ECF No. 21]. On March 25, 2020, Defendant filed the instant Emergency Motion for Release from the ACJ on the grounds that his asthma, coupled with the current COVID-19 pandemic, place his health at risk. [ECF No. 35].

## II.  DISCUSSION

Defendant seeks relief under the provision of the Bail Reform Act governing temporary release. [ECF No. 35, at 8-12]. That provision states, in relevant part, that: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason***." 18 U.S.C. § 3142(i) (emphasis added). I am unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(a), and I find that I am able to resolve the motion without a hearing or oral argument.[1]

---

[1] Defendant does not ask for a hearing in his Motion. Rather, he requests that "[f]or the health of all involved," that I decide the motion on the papers, unless I disagree with his request, in which case he asks for oral argument by phone or video to allow Defendant and his family members to speak to the Court. [ECF No. 35, at 2]. In his Supplement, Defendant provides 20 written character references from friends and family in support of his Motion. [ECF No. 40]. At the end of the Supplement, Defendant requests that four of those individuals "be allowed to testify on his behalf at his hearing." Id. To the extent this brief reference constitutes a belated hearing request, for the reasons set forth above, I find that a hearing is not necessary in this case. Moreover, I have considered all of the character references Defendant has provided, including those from the four listed individuals, in deciding Defendant's Motion. Although well-intentioned, nothing contained therein outweighs Judge Eddy's reasons for detention or demonstrates compelling reasons for temporary release.

Defendant contends that he is at much graver risk of contracting COVID-19 at ACJ than if released to home confinement, and that he is particularly vulnerable because he has asthma.[2] [ECF NO. 35]. In addition, Defendant notes that his counsel is working remotely and practicing social distancing, which includes not making in-person visits to the jails, in order to minimize the risk of exposure to clients. Id. Defendant's counsel questions the ACJ's ability to accommodate confidential attorney-client telephone calls and argues that the changed circumstances mandate his immediate release. Id. Defendant asserts that he has a viable release plan to live with his fiancé and children and that he is not a flight risk. Id. at 11-12. With respect to "safety of the community" concerns, Defendant cites statistics he contends demonstrate that "nearly everyone" on pretrial release in the federal system appears in court and does not reoffend while on bond. Id. at 9-10.

In opposition, the Government asserts that Defendant should not be released because the ACJ is taking measures to address COVID-19, Defendant has a risk of contracting the disease in his home community, and the circumstances do not outweigh the original reasons for detention. [ECF No. 39, at 8-19]. With respect to the latter factor, the Government points to: the serious nature of the crime with which Defendant is charged (distributing fentanyl that resulted in the death of a 21-year-old woman, a crime that carries a 20-year mandatory minimum sentence); the danger of drug trafficking to communities; the discovery of drugs in Defendant's home; Defendant's criminal history; Defendant's scant employment record; and the fact that Defendant has been arrested nine times while on court supervision or bond. Id. The

---

[2] Defendant neither cites nor provides medical documentation related to his asthma. Rather, Defendant's counsel states only that "Mr. Pritchett has asthma according to a phone interview with his mother Harriet Ross. Ms. Ross stated that Mr. Pritchett utilizes a respirator." [ECF No. 35, at 12]. Several of the character references Defendant provides in his Supplement also mention observing Defendant exhibiting asthma symptoms. [ECF No. 40]. The Government questions Defendant's asthma diagnosis and represents that he did not represent this condition to pretrial services in connection with his detention hearing, that the bond report states he is not under the care of a physician and has not been prescribed any medications, and that Defendant has reported daily marijuana use since age 15. [ECF No. 39, at 12-13]. Even accepting Defendant's representations that he has asthma, I find, for the reasons stated herein, that his asthma does not present a compelling reason for temporary release under the facts of this case.

Government also disagrees that Defendant will be unable to communicate confidentially with his attorney at the ACJ. Id. at 17-18.

Defendant invites me to speculate that COVID-19 is present or imminent in the ACJ and, therefore, that his asthma requires the extreme measure of temporary release to home confinement pending trial. I do not agree that such a release is warranted by the facts of this case, or the actual circumstances at the jail. Although I recognize the potential for Defendant's exposure to the COVID-19 virus at the ACJ, that potential unfortunately exists anywhere in the community. Moreover, as explained in detail in the Government's response, the ACJ, along with this Court and all local authorities, have taken necessary steps and precautions to help stop the spread of COVID-19 among the local population, including the inmate population at the ACJ. As of the date of this opinion and order, the COVID-19 virus has not been detected at the ACJ.[3] Additionally, there is no indication that, to the extent Defendant has medical needs, those needs are not being addressed at the ACJ. Although I am sympathetic to Defendant's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release.

With respect to defense counsel's general concerns about being able to communicate with Defendant, I am confident that ACJ officials will respect the privileged nature of attorney-client telephone calls. In addition, written correspondence is also a viable method of communication. These forms of communication are sufficient given that pretrial motions are not due until June 2, 2020, and the United States District Court for the Western District of Pennsylvania already has stated that "the period of time from March 13, 2020 to April 27, 2020

---

[3] In a recent decision denying temporary release, my colleague, Senior District Judge Joy Flowers Conti, explained that there was "an announcement on March 27, 2020, that an ACJ employee tested positive for Covid-19 . . . https://www.wtae.com/article/allegheny-county-jail-employee-tests-positive-for-covid-19/31960287. That same article reflects, however, that the employee did not provide any direct care to inmates; the employee had not been in the ACJ facility since March 19, 2020; and that there remained no confirmed cases of Covid-19 among direct contact employees or inmates at the ACJ." United States v. Fiumara, 15-cr-94, ECF No. 95, at 2 (W.D. Pa. Mar. 30, 2020) (Conti, J.).

is considered to be excluded time in *all* criminal proceedings in this Court pursuant to [18] U.S.C. § 3161(h)(7)(A)." See Misc. No. 2:20-mc-394-MRH (W.D. Pa. Mar. 13, 2020). If requested, I will consider granting an additional extension of time for Defendant's pretrial motions in light of the practical difficulties caused by the pandemic.

### III. **CONCLUSION**

For all of these reasons, Defendant's current arguments for release do not outweigh the factors considered by Magistrate Judge Eddy in ordering his detention. I conclude that the order detaining Defendant remains appropriate and that temporary release of Defendant is not warranted. Accordingly, Defendant's Amended Emergency Motion for Release Pending Trial in Light of COVID-19 Pandemic or Request for Medical Furlough[4] in Light of COVID-19 [ECF No. 35] is DENIED.

SO ORDERED, this 2nd day of April, 2020:

BY THE COURT:

*Donetta F. Ambrose*
_____
Donetta W. Ambrose
United States Senior District Judge

---

[4] Defendant does not develop his alternative request for medical furlough in his Motion. In any event, as the Government notes in its Response, the authority to allow prisoner furloughs rests with the Bureau of Prisons under 18 U.S.C. § 3622. See also 28 C.F.R. §§ 570.30-570.38.